UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY J. MARTUCCI,

       Plaintiff,

v.                                                        Case No. 2:17-cv-626-FtM-NPM

COMMISSIONER OF SOCIAL
SECURITY

       Defendant.

## ORDER

Before the Court is Plaintiff's Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 33). Plaintiff's attorney, Carol Avard, requests the Court award attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $19,064.00, which represents 25% of Plaintiff's past-due Social Security disability benefits. (*Id.*, p. 1). Plaintiff represents that Defendant has no objections to the relief requested. (Doc. 33, p. 3). For the reasons discussed below, the Court grants the Motion.

On February 22, 2019, the Court entered an Opinion and Order (Doc. 28), reversing and remanding this action to the Commissioner to re-evaluate Plaintiff's functioning in concentration, persistence, or pace, taking into consideration the medical records documenting Plaintiff's difficulties in concentration. (Doc. 28, p. 15). On April 29, 2020, Plaintiff filed an Uncontested Petition for EAJA Fees (Doc. 30). And on April 30, 2019, the Court awarded Plaintiff's counsel $7,985.88 in attorney's fees. (Doc. 31, p. 3). Plaintiff's counsel now seeks additional fees under 42 U.S.C. §406(b) from Plaintiff's past-

due benefits. (Doc. 33, pp. 1-2). Specifically, Plaintiff's counsel requests an award of $19,064.00 and, upon receipt of the § 406(b) fees, she will return the Equal Access to Justice Act ("EAJA") fees in the amount of $7,985.88 to Plaintiff. (Doc. 33, p. 2).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the Court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht* , 535 U.S. at 796).

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that

it is reasonable. *Gisbrecht*, 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id.*

First, the Court reviewed the Federal Court 406(b) Fee and Cost Agreement. (Doc. 33-2). In the Agreement, Plaintiff agrees counsel may charge 25% of retroactive benefits under § 406(b), subject to court approval. The Court finds this Agreement comports with 42 U.S.C. § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. (*Id.*). Thus, the Court finds this agreement is reasonable.

Second, the Court looks to see if counsel delayed this case. The Court finds no evidence of delay. Lastly, the Court considers whether the fees are large in comparison to the amount of time counsel spent on this case. In this Court's April 30, 2019 Order, (Doc. 31), the Court reviewed the number of hours expended in this case and the hourly rate and found both to be reasonable. (Doc. 31, p. 2). In conjunction with the instant Motion, the Court reviewed: (1) the number of hours Plaintiff's counsel expended and the hourly rates (Doc. 33-3); and (2) the Social Security Administration's Notice of Award (Doc. 33-1). After consideration of these documents, the Court finds the fees requested by counsel are reasonable. Thus, the Court determines an award of $19,064.00 is reasonable.

Accordingly, the Court **GRANTS** the Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 33) and

awards § 406(b) fees in the amount of $19,064.00. Upon receipt of these funds by Plaintiff's counsel, the Court directs Plaintiff's counsel to remit $7,985.88 to Plaintiff.

**DONE** and **ORDERED** in Fort Myers, Florida on August 11, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE